BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE:
MIRENA IUD PRODUCTS LIABILITY
LITIGATION.

MDL DOCKET NO. 2434

**INTERESTED PARTY RESPONSE OF PLAINTIFF SHANIQUA E. MURPHY IN
SUPPORT OF MOTION TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

## I.   PRELIMINARY STATEMENT

Plaintiff Shaniqua E. Murphy submits this Interested Party Response pursuant to Rule 7.2(e) of the Judicial Panel on Multidistrict Litigation Rules of Procedure to the Motion for Transfer of Related Actions to the Northern District of Ohio Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "Motion").  Plaintiff supports, in part, the Motion for transfer and consolidation.

Consolidation is appropriate where, as here, common questions of fact and law abound, transfer will further the convenience of the parties and witnesses, transfer will promote the just and efficient conduct of these actions, and transfer will promote judicial economy, thereby furthering the overall interests of the Court.

However, Plaintiff Shaniqua E. Murphy submits that, if the Motion is granted, the United States District Court for the Southern District of New York – White Plains Division is better suited to act as the transferee court to oversee and resolve the pretrial matters in this litigation than the other forums proposed by the parties.

The Southern District of New York – White Plains Division is in close proximity to the location of the liability evidence, easily accessible, and where the Plaintiff Shaniqua E. Murphy's

action is pending.  Further, the Southern District of New York – White Plains Division has extensive experience in handling complex litigations.  As such, the Southern District of New York – White Plains Division will best serve the convenience of the parties and witnesses and the interests of justice.

For these reasons and those set forth in further detail herein, Plaintiff Shaniqua E. Murphy respectfully requests that the Judicial Panel on Multidistrict Litigation enter an order transferring all related actions to the Southern District of New York – White Plains Division for consolidated pre-trial proceedings.

## II.  STATEMENT OF FACTS

Plaintiff Shaniqua E. Murphy's action arose as a result of personal injuries caused by her use of the prescription contraceptive MIRENA® IUD (hereinafter referred to as "MIRENA IUD").  A copy of Plaintiff's complaint is attached hereto as Exhibit A.  The action is currently pending in the Southern District of New York – White Plains Division as against Defendant, Bayer Healthcare Pharmaceuticals, Inc., (hereinafter referred to as "the Bayer Defendants") and alleges *inter alia*, that the Bayer Defendants' conduct was negligent and wrongful in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distributing, labeling, and/or sale of MIRENA®.

Plaintiff Shaniqua E. Murphy's action asserts substantially similar claims and seeks substantially similar relief as the other related actions identified in the Motion and accompanied Notice of Related Actions.  Under these circumstances, the transfer and consolidation of these cases is appropriate.

## III. ARGUMENT

### A.   Transfer and Consolidation for Coordinated Pre-Trial Proceedings Will Further the Goals of 28 U.S.C. §1407

Section 1407 authorizes the transfer of civil actions pending in different federal district courts to a single federal district court for coordinated or consolidated pre-trial proceedings so long as this Panel determines that the cases involve common questions of fact, and that the transfer will serve the convenience of the parties and witnesses, and will promote just and efficient litigation.[1]

In light of the numerous common questions of fact and law involved in these cases, consolidation is appropriate and will benefit the parties.  In addition to significant financial savings, transfer and consolidation will promote the convenience of the parties and efficiency during pretrial proceedings. Duplicative discovery will be eliminated and there will be no risk of inconsistent judicial rulings.

The Panel has previously ruled that common questions may be presumed "when two or more complaints assert comparable allegations against identical defendants base[d] on similar transactions and events."  *In re Air West, Inc. Sec. Litig.,* 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig..*, 506 F. Supp. 651, 654-55 (J.P.M.L. 1981).  All of the actions proposed for transfer and consolidation allege substantially similar, and in some cases identical, violations of law by essentially the same defendants and based upon the same or

---

[1] Section 1407(a) provides in pertinent part:

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions…

28 U.S.C. §1407(a) (2008).

substantially similar underlying facts surrounding the safety profile of MIRENA® including, but not limited to:

1.  whether MIRENA® poses an increased risk of the side effects higher than other forms of contraceptives;

2.  whether the Bayer Defendants knew of these increased risks and/or side effects;

3.  whether the Bayer Defendants suppressed, concealed, misrepresented and/or mischaracterized the known risks to health risks relating to their MIRENA®;

4.  whether the Bayer Defendants failed to timely and fully disclose the results of tests and studies on the adverse effects and risks of their MIRENA®;

5.  whether the Bayer Defendants failed to adequately and appropriately test the safety and efficacy of their MIRENA® prior to marketing and making representations about said product;

6.  whether the Bayer Defendants failed to disseminate adequate warnings which would have disclosed the nature and extent of the side effects of the MIRENA®;

7.  whether the Bayer Defendants failed to provide adequate instructions regarding safety precautions to be observed by users and/or handlers of MIRENA®;

8.  whether the Bayer Defendants failed to disclose that adequate and/or standard and/or generally accepted standards for post-marketing testing of their MIRENA® had not been done;

9.  whether the Bayer Defendants negligently advertised and/or recommended the use of MIRENA® without sufficient knowledge of its dangerous side effects;

10. whether the Bayer Defendants negligently represented that MIRENA was as safe as other forms of contraceptives; and

11. whether the Bayer Defendants concealed information from the FDA regarding MIRENA®'s safety profile; and.

Given that common issues of fact and law are shared by the related cases referenced in the Motion and accompanied Notice of Related Actions, discovery and pretrial motion practice in each action is likely to be duplicated in the absence of consolidation.  Consolidation will protect against redundant and costly discovery, and will further protect against inconsistent pretrial rulings.  *See In re first Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (transfer "necessary, even though only two actions are involved, in order to prevent

duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings"). Moreover, given that there will likely be hundreds of these cases filed throughout the country, consolidation and centralization is clearly warranted.

**B.    The Southern District of New York – White Plains Division is the Most Appropriate Forum for this Litigation**

The key factors this Panel considers in determining the appropriate MDL forum are: (1) the location of the parties, witnesses and documents; (2) the accessibility of the proposed transferee district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts.  *See In re Corn Derivatives Antitrust Litig*, 486 F. Supp. 929, 931-932 (J.P.M.L. 1980). Centralization of the actions for consolidated pretrial proceedings in Southern District of New York – White Plains Division, which is in close proximity to the location of the liability evidence, easily accessible and where the Plaintiff Shaniqua E. Murphy's case is pending, will best serve the convenience of the parties and witnesses, and the interests of justice.

This Panel has in the past shown preference for consolidation in the New York District Court's in which the Defendant's principal place of business lies.  *See., e.g., In re Bayer Corp. Combination Aspirin Products Marketing and Sales Practice Litigation*, 609 F.Supp.2d 1379 (J.P.M.L. 2009) (holding that the Eastern District of New York was the appropriate transferee forum because, *inter alia*, "Bayer Healthcare LLC has its principal place of business there [Tarrytown, New York], albeit in another federal district, [and] relevant documents or witnesses will likely be found nearby."); *In re Allegheny Energy Inc. Sec. Litig.*, 259 F. Supp. 2d 1368, 1369 (J.P.M.L. 2003) (holding that Maryland was the appropriate transferee district as the Defendant's headquarters were located within the jurisdiction); *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369 (J.P.M.L. 2002) (the Central District of California, where actions were already pending and entities that issued the bonds were located, was the proper transferee district); *In re "Factor VIII or IX Concentrate Blood Prod.", Prod. Liab. Litig.*, 853 F. Supp. 454 (J.P.M.L 1993) (finding that the Northern District of Illinois would be selected as the

transferee forum because the location was centrally located, the judge had experience trying a similar suit and some of the Defendants were located there); *In re Richardson-Merrell Inc. "Bendectin" Prods. Liab. Litig. (No II)*, 533 F. Supp. 489 (J.P.M.L. 1982) (Ohio was the appropriate transferee district when the relevant operations of the defendant pharmaceutical company were carried on in Ohio and many documents and witnesses were located there); *In re Sunshine Mining Co. Secs. Litig.*, 444 F. Supp. 223 (J.P.M.L. 1978) (finding that the transferee district was appropriate as the defendant company held executive offices in the district).

Here, the principal places of business of the Bayer Defendants are, upon information and belief, as follows:

Bayer Healthcare, LLC ------------------------------------- Tarrytown, New York
Bayer Pharmaceuticals Corporation ---------------------- Connecticut.
Bayer Healthcare Pharmaceuticals, Inc. ------------------ New Jersey
Bayer Corporation -------------------------------------------- Pennsylvania
Bayer Healthcare AG ---------------------------------------- Germany
Berlex Laboratories, Inc. ---------------------------------- New Jersey
Berlex, Inc. ----------------------------------------------------- New Jersey

As such, many witnesses and documents may be located in New York and potentially the surrounding tri-state area. Given the close proximity of New Jersey, Connecticut and Pennsylvania to New York there would be no inconvenience to the parties if these actions were transferred to the Southern District of New York – White Plains Division. Further, to the extent that Bayer AG – the German arm of the Bayer Defendants – is actively litigating this case, New York is certainly the most convenient forum for its witnesses and lawyers to travel to and from.

Moreover, the Panel has previously agreed that the New York District Courts are convenient and appropriate forum for the Bayer Defendants herein. Following the MDL hearing held on March 26, 2009, the Panel approved consolidation and centralization of actions brought against various Bayer Defendants in the matter of *In Re Bayer Corp. Combination Aspirin Products Marketing and Sales Practice Litigation* (MDL-2023) in the Eastern District of New York. In support of its decision

to transfer those actions to the Eastern District of New York, the Panel noted that Bayer Healthcare, LLC had its corporate headquarters in New York and, even though its headquarters are in another district [Tarrytown, New York], relevant documents and witnesses are likely to be found nearby.  In fact, in that litigation the Bayer Defendants agreed that a New York District Court was indeed a suitable forum for the litigation.  *See e.g.*, MDL-2023 Defendants Bayer Corporation and Bayer Healthcare LLC's Supplemental Memorandum in Response to Plaintiffs' Motions for Transfer of Actions Pursuant to 28 U.S.C. §1407 dated February 17, 2009.  The same rationale holds true here and even more so, given that the one of the defendants is in fact actually located just minutes from the Southern District of New York – White Plains Division Courthouse.

### C.     The United States District Court for the Southern District of New York – White Plains Division is Highly Accessible to All Parties and Witnesses

The Southern District of New York – White Plains Division possess a major transportation system easily accessible by flights from across the country.  New York maintains three airports that are all less than 15 miles from the United States District Courthouse for the Southern District of New York – White Plains Division.  These airports include the Westchester County Airport (located less than 10 minutes from the Courthouse), John F. Kennedy International Airport, LaGuardia Airport and Newark International.  Likewise, Pennsylvania Station and Grand Central Station in Midtown Manhattan are major hubs for Amtrak trains and the Metro North Commuter Rail Service that service the entire eastern seaboard.  Access to these rail services can be made within a short distance from the Southern District of New York – White Plains Division Courthouse.

In sum, the Southern District of New York – White Plains Division is undoubtedly a very central hub, very accessible, and the most convenient forum for all parties, witnesses and counsel.

### D.     Statistical Data Relating to Caseloads and Speedy Resolution of District Courts Favors the Southern District of New York – White Plains Division.

The Southern District of New York – White Plains Division has the available judicial resources and the experience necessary to efficiently coordinate the actions. Data from Federal Court Management Statistics reveal that the Southern District of New York – White Plains Division is well-suited to provide an efficient disposition of these cases.

According to judicial statistics, each New York judgeship in the Southern District of New York as a whole had a manageable number of approximately three hundred seventy eight (378) civil filings for the twelve month period ending on September 30, 2012. Of those civil filings, it took an average of just 7.8 months from the filing to disposition, and 27.2 months to bring a civil case to trial.

The Southern District of New York – White Plains Division is undeniably experienced and reliable in efficiently managing its civil docket and serving as the transferee forum in complex cases. That, coupled with the convenience to the parties and the case already pending in the Southern District of New York – White Plains Division, makes it clear that the this New York District Court is the ideal forum for the MIRENA® IUD Products Liability Litigation.

## IV. <u>CONCLUSION</u>

Transfer and consolidation of this action, and any other subsequently filed actions, for pre-trial proceedings will serve the interests of justice by providing a single forum in which the legal rights of MIRENA® consumers can be adjudicated. For the above and foregoing reasons, Plaintiff Shaniqua E. Murphy respectfully requests that the Panel enter an order that the related actions be centralized and transferred to the Southern District of New York – White Plains Division, the most appropriate transferee forum.

Dated: Port Washington, New York
February 7, 2013

Respectfully submitted,

**PARKER WAICHMAN LLP**

By: /s/Matthew J. McCauley
Matthew J. McCauley (MM 9610)
6 Harbor Park Drive
Port Washington, New York 11050
(516) 466-6500 Office
(516) 723-4630 Direct
(516) 466-6665 Fax
mmccauley@yourlawyer.com