# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: MIRENA IUD PRODUCTS
LIABILITY LITIGATION                                                                                                  MDL No. 2434

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in one action move for centralization of this litigation in the Northern District of Ohio. This litigation against Bayer HealthCare Pharmaceuticals, Inc., currently consists of eight actions pending in eight districts, as listed on Schedules A and B. The cases in this litigation primarily involve injuries allegedly caused by the Mirena intrauterine contraceptive system. The cases listed on Schedule A allege that the product may migrate away from its original position, perforate the uterus, and/or cause related injuries. The case listed on Schedule B alleges that the product causes autoimmune disorders. Since the filing of the motion, the parties have notified the Panel of over 40 related actions pending in 17 federal districts.[1]

Defendant opposes centralization under Section 1407, arguing that voluntary coordination by the parties is more appropriate in light of factual differences in the actions – especially with respect to causation of the alleged injuries – and the advanced stage of discovery in two actions. All responding plaintiffs in the actions on the motion and the potential tag-along actions support centralization under Section 1407, on the ground that all actions challenge the safety of the same intrauterine contraceptive product – Mirena – and share common factual issues with respect to the alleged risks of perforation and/or migration.

While we agree that these actions present a number of individualized factual issues, the existence of such issues does not negate the common ones, including, in particular, those concerning the alleged risk of perforation and migration posed by the product and the adequacy of the product's warning label with respect to those risks. Almost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences are not an impediment to centralization where common questions of fact predominate. *See, e.g., In re: Zimmer Durom Hip Cup Prods. Liability Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L.2010).

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. See Panel Rules 1.1(h), 7.1 and 7.2.

-2-

Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands. Once discovery and other pretrial proceedings related to the common issues have been completed, the transferee judge may suggest Section 1407 remand of actions to transferor courts for more individual discovery and trial, if necessary. *See In re: Darvocet, Darvon and Propoxyphene Prods. Liability Litig.,* 780 F. Supp. 2d 1379, 1381 (J.P.M.L. 2011). Section 1407 centralization will thus enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of all related actions, which is to the overall benefit of all parties.

With respect to the two actions that have reached an advanced stage of fact discovery,[2] the transferee judge is in the best position to incorporate those actions in a manner that accommodates the progress already made while also addressing the issues raised in the more recently filed actions. It may be advisable to establish a separate track of proceedings if those actions are, as defendant contends, nearly ready for trial; however, the degree of consolidation or coordination is a matter soundly dedicated to the discretion of the transferee judge. *See In re: Hyundai and Kia Fuel Economy Litig.*, 2013 WL 500837, at *2 (J.P.M.L. Feb. 5, 2013).

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. As stated above, those actions share common factual allegations with respect to the alleged risks of uterine perforation and migration associated with Mirena and the adequacy of the product's warning label. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent rulings on pretrial matters; and conserve the resources of the parties, their counsel and the judiciary.

II.

One case-specific matter requires our attention. The action listed on Schedule B does not allege that the product poses a risk of perforation or migration. This action alleges that the product causes autoimmune disorders and that the product's label fails to provide adequate warnings with respect to such disorders. Based on the Panel's review of the complaint, no common factual issues are readily apparent. Therefore, we decline to centralize this action.

---

[2] Defendant contends that fact discovery is nearly complete in the District of South Carolina *Baugh* and Middle District of Georgia *Osborne* actions listed on Schedule A. Expert discovery has not yet commenced in any actions.

-3-

III.

Any of the districts suggested by the parties would be an appropriate transferee forum for this litigation in which actions are pending in various districts across the country.[3] Weighing all factors, we have selected the Southern District of New York. Bayer Healthcare LLC is located in New York and other Bayer corporate affiliates are located nearby in New Jersey, Connecticut, and Pennsylvania. Thus, the primary witnesses and documentary evidence on the common factual issues likely will be located in New York and the surrounding area. This district also will be easily accessible for this nationwide litigation. Judge Cathy Seibel is presiding over three related actions, and she is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Cathy Seibel for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer of the action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.     Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan

---

[3] Ten districts have been suggested by various plaintiffs: the Central and Northern Districts of California, the Eastern District of Louisiana, the District of Minnesota, the District of New Jersey, the Southern District of New York, the Northern District of Ohio, the Eastern District of Pennsylvania, the District of Rhode Island, and the District of South Carolina.

IN RE: MIRENA IUD PRODUCTS
LIABILITY LITIGATION                                                                                    MDL No. 2434

## SCHEDULE A

<u>Eastern District of Arkansas</u>

Susan Harp v. Bayer Healthcare Pharmaceuticals, Inc., C.A. No. 4:13-00004

<u>Southern District of California</u>

Melody Williams, et al. v. Bayer Healthcare Pharmaceuticals, Inc., C.A. No. 3:12-02669

<u>Middle District of Georgia</u>

Carrie Richards Osborne, et al. v. Bayer Corporation, et al., C.A. No. 5:11-00421

<u>Western District of Kentucky</u>

Kara Sweet, et al. v. Bayer Healthcare Pharmaceuticals, Inc., C.A. No. 3:12-00839

<u>Northern District of Ohio</u>

Stephanie Barnett, et al. v. Bayer Healthcare Pharmaceuticals, Inc., C.A. No. 1:12-02780

<u>Southern District of Ohio</u>

Desaree Johnson v. Bayer Healthcare Pharmaceuticals, Inc., C.A. No. 1:12-00852

<u>District of South Carolina</u>

Kelli Baugh, et al. v. Bayer Corporation, et al., C.A. No. 4:11-00525

## SCHEDULE B

<u>Southern District of Texas</u>

Siria Gonzalez v. Bayer Healthcare Pharmaceuticals, Inc., et al., C.A. No. 4:12-01412